WELLS, Judge.
Professional Roofing & Sales, Inc. and Jose Alvarez, the defendants below, petition for review of’an order denying their motion to dismiss the instant civil action under the provisions of Chapter 776 of the Florida Statutes (Florida’s Stand Your Ground Law). We treat the matter as a petition for writ of prohibition. See Mederos v. State, 102 So.3d 7, 11 (Fla. 1st DCA 2012) (“A writ of prohibition is the proper vehicle for challenging a trial court’s denial of a motion to dismiss a charge on the ground of immunity from prosecution pursuant to the Stand Your Ground Law.”). Because the trial court denied the motion without first holding an evidentiary hearing to determine whether Alvarez was justified in using force against the plaintiff below, Derrick Roy Flemmings, under Florida’s Stand Your Ground Law, we grant the petition and remand for further proceedings consistent with this opinion. See § 776.012, Fla. Stat. (2014); § 776.032(1), Fla. Stat. (2014).
*526 The State of Florida charged Jose Alvarez with aggravated battery with a deadly weapon for striking Flemmings, a former employee, with a baseball bat at the place of employment, Professional Roofing & Sales, Inc., on December 4, 2008. Claiming that he was immune from criminal prosecution because he had used justifiable force to defend himself against Flemmings’ imminent use of unlawful force, Alvarez filed a motion to dismiss under Florida’s Stand Your Ground Law on July 26, 2010. After conducting an evidentiary hearing on the motion to dismiss at which Alvarez, his wife and Flemmings testified, the criminal court granted the motion and dismissed the criminal charges against Alvarez on April 6, 2011.
While the criminal matter was still pending, Flemmings filed the instant civil action against Alvarez on October 19, 2010, raising claims for assault, battery, negligence and intentional infliction of emotional distress. Flemmings also sued the employer, Professional Roofing, on theories of vicarious liability for negligence and negligent retention of a dangerous employee. All of the claims raised therein are based on the same underlying facts as those in the dismissed criminal prosecution. Namely, that Alvarez had “severely and repeatedly beaten [Flemmings] with a baseball bat” on December 4, 2008. Flem-mings later amended the complaint to add a claim for punitive damages against both defendants.
On May 9, 2011, the petitioners filed their “Sworn Motion to Dismiss,” claiming immunity under Florida’s Stand Your Ground Law. Specifically, the petitioners argued that Alvarez was immune from this civil action because the criminal court had already dismissed the criminal charges against him under the same statute applicable here (section 766.082(1)) and on the same underlying facts. The trial court summarily denied the motion on September 14, 2011.
The petitioners did not seek appellate review at that time. Instead, on November 29, 2011, Alvarez filed an answer to the complaint and raised the following affirmative defense, among others: “Defendant JOSE ALVAREZ is immune from suit for the claims asserted by the Plaintiff.” On March 8, 2013, Professional Roofing filed its answer to the complaint, raising the following affirmative defense, among others: “Defendant PROFESSIONAL ROOFING is not liable for the acts alleged in Plaintiff’s complaint because the Defendant JOSE ALVAREZ ... is immune from suit and subject to dismissal based on Collateral Estoppel and Res Judicata.”
On or about March 4, 2013, the petitioners filed their “Motion to Dismiss for Res Judicata and/or Collateral Estoppel and for an Award of Attorney Fees.” Therein, petitioners again claimed immunity under Florida’s Stand Your Ground Law because Alvarez had already been found immune from criminal prosecution on the same underlying facts, citing the common law doctrines of res judicata and collateral estoppel. After holding a non-evidentiary hearing, the trial court summarily denied the motion to dismiss on July 22, 2013.
The hearing transcripts indicate that the trial court denied the motion as successive because it had previously denied the immunity claim. Nevertheless, expressing the belief that it would be more appropriate to consider the issue at the summary judgment stage of the proceeding, the court stated on the record it would “deal with it [on] a motion for summary judgment.” The matter is now before this *527 court on petition for writ of prohibition.[1] For the following reasons, we find that principles of res judicata/collateral estop-pel do not apply, but nevertheless remand for an evidentiary hearing on Alvarez’ entitlement to immunity from the instant civil action.

Res judicata/collateral estoppel do not apply

Section 776.012 provides for justifiable use of force in defense of person:
A person is justified in using force ... against another when and to the extent that the person reasonably believes that such conduct is necessary to defend himself or herself or another against the other’s imminent use of unlawful force.
[[Image here]]
§ 776.012, Fla. Stat. (2014). Section 776.032 provides that a person who uses such justifiable force receives immunity for the use of that force:
(1) A person who uses force as permitted in s. 776.012, s. 776.013, or s. 776.031 is justified in using such force and is immune from criminal prosecution and civil action for the use of such force ...
§ 776.032(1), Fla. Stat. (2014).
Under these statutes, once the criminal circuit court made the legal determination that Alvarez’ use of force against Flemmings was justified, Alvarez was entitled to immunity from criminal prosecution for aggravated battery with a deadly weapon and the criminal charges were dismissed. See §§ 776.012, 776.032(1), Fla. Stat. (2014). According to the petitioners, such legal determination only needed to be made once, so that immunity should automatically apply in this civil action under common law principles of res judicata and/or collateral estoppel. We disagree.
The doctrine of res judicata, also known as claim preclusion, applies where four elements are present:
(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality of the persons for or against whom the claim in made.
Topps v. State, 865 So.2d 1253, 1255 (Fla.2004). Whereas, collateral estoppel, also known as issue preclusion, applies only where:
1) the identical issues were presented in a prior proceeding; 2) there was a full and fair opportunity to litigate the issues in the prior proceeding; 3) the issues in the prior litigation were a critical and necessary part of the prior determination; 4) the parties in the two proceedings were identical; and 5) the issues were actually litigated in the prior proceeding.
Porter v. Saddlebrook Resorts, Inc., 679 So.2d 1212, 1214-15 (Fla. 2d DCA 1996).
The critical element that is missing in this case as to both of these doctrines is mutuality of parties because the State of Florida, not Flemmings, was the opposing party to Alvarez in the criminal prosecution. See, e.g., Massey v. David, 831 So.2d 226, 232 (Fla. 1st DCA 2002) (“In order for res judicata or collateral estoppel ... to *528 apply, Florida requires ‘mutuality’ and ‘identity of parties.’ Identity of parties and mutuality do not exist unless the same parties or their privies participated in pri- or litigation that eventuated in a judgment by which they are mutually bound.”) (footnote omitted; citation omitted). Res judi-cata and collateral estoppel do not, therefore, apply to preclude prosecution of the instant action.
We also do not find that the Florida legislature modified or abrogated application of these common law doctrines when it conferred immunity from both civil and criminal actions under the Stand Your Ground Law. See McGhee v. Volusia County, 679 So.2d 729, 733 (Fla.1996) (recognizing that “a statute will not be construed to modify the common law unless such intent is evident or the statute cannot otherwise be given effect”). We decline to so find because the Stand Your Ground Law does not express an intent to abrogate doctrines requiring mutuality and because when the legislature has sought by legislative enactment to abrogate these doctrines, it has clearly and expressly done so. For example, sections 772.14 and 775.089 of the Florida Statutes aid crime victims in obtaining a civil recovery against defendants convicted of certain crimes (i.e. civil theft), by estopping those defendants from challenging in a civil action matters that were already adjudicated in a criminal proceeding:
772.14 Estoppel of defendant. A final judgment or decree rendered in favor of the state in any criminal proceeding concerning the conduct of the defendant which forms the basis for a civil cause of action under this chapter, or in any criminal proceeding under chapter 895, shall estop the defendant in any action brought pursuant to this chapter as to all matters as to which such judgment or decree would be an estoppel as if the plaintiff had been a party in the criminal action.
775.089 Restitution—
(8) The conviction of a defendant for an offense involving the act giving rise to restitution under this section shall estop the defendant from denying the essential allegations of that offense in any subsequent civil proceeding. An order of restitution hereunder will not bar any subsequent civil remedy or recovery, but the amount of such restitution shall be set off against any subsequent independent civil recovery.
§ 772.14, Fla. Stat. (2014); § 775.089(8), Fla. Stat (2014) (emphasis supplied); see J & P Transp., Inc. v. Fid. & Cas. Co. of N.Y., 750 So.2d 752, 753 (Fla. 5th DCA 2000) (recognizing that sections 772.14 and 775.089(8) “estop a defendant from denying the essential elements of a crime in a subsequent civil .proceeding involving the same matters”). “The plain intent of these statutes is to eliminate the common law requirement of identity of parties for collateral estoppel to be used offensively in a civil theft suit.” Stafford v. Don Reid Ford, Inc., 920 So.2d 791, 793 (Fla. 5th DCA 2006); see also Starr Tyme, Inc. v. Cohen, 659 So.2d 1064, 1067 (Fla.1995) (“Section 772.14 abrogates the requirement of mutuality of parties in the context of civil actions brought by crime victims under chapter 772. The statute abrogates the requirement by allowing a plaintiff in a chapter 722 civil suit to use as an estoppel a ‘final judgment or decree rendered in favor of the state’ in a prior criminal proceeding that concerned the conduct at issue in the civil action.”).
Fui'thermore, as noted by the Florida Supreme Court, sections 775.089(8) and 772.14 did not abolish the doctrine of mutuality in its entirety, but rather evidenced the legislature’s specific intent to restrict it in the manner expressly set forth:
*529 Stogniew also contends that the legislature effectively abolished the doctrine of mutuality when it enacted sections 775.089(8) and 772.14, Florida Statutes (1993) which give collateral estoppel effect to criminal convictions in subsequent civil proceedings brought by the victim of the crime. We disagree. The legislature’s limited involvement in this arena shows that it only chose to restrict the doctrine of mutuality in a few specifically identified situations. The legislature has not mandated the total abandonment of the mutuality requirement for collateral estoppel in other circumstances.
Stogniew v. McQueen, 656 So.2d 917, 920 (Fla.1995) (footnote omitted).
Similarly, under section 776.085 of the Florida Statutes, a person may not be held liable for damages for personal injury or the wrongful death of a person who attempted, or who was attempting, to engage in a forcible felony at the time the injuries were sustained. The Florida legislature accomplished this result first by creating the defense to such a civil action and then clearly and specifically providing that the defense is established by evidence of a criminal conviction for a forcible felony or attempted forcible felony:
(1) It shall be a defense to any action for damages for personal injury or wrongful death, or for injury to property, that such action arose from injury sustained by a participant during the commission or attempted commission of a forcible felony. The defense authorized by this section shall be established by evidence that the participant has been convicted of such forcible felony or attempted forcible felony, or by proof of the commission of such crime or attempted crime by a preponderance of the evidence.
§ 776.085(1), Fla. Stat. (2014). The legislature further provided for a stay of the civil action pending the outcome of the criminal proceeding which forms the basis for establishing the defense:
(3) Any civil action in which the defense recognized by this section is raised shall be stayed by the court on the motion of the civil defendant during the pendency of any criminal action which forms the basis for the defense, unless the court finds that a conviction in the criminal action would not form a valid defense under this section.
§ 776.085(3), Fla. Stat. (2014).
In contrast, Florida’s Stand Your Ground Law includes no language evidencing an intent by the legislature that a criminal court’s determination that a person’s use of force was justified, making him or her immune from criminal prosecution, is determinative on this issue in a civil action brought by a non-party to the criminal proceeding, and involving the same nucleus of facts and the same use of force. See § 776.032, Fla. Stat. (2014). And while such a reading might be implied from some language in subsections (1) and (3) of 776.032,[2] given the well-established jurisprudence that statutes should be construed strictly and in a manner such that “no change in the common law can be said to be legislatively intended unless the statute speaks plainly in such regard or cannot *530 otherwise be given effect,” we decline to infer such an intent. Fullerton v. Fla. Med. Ass’n, Inc., 938 So.2d 587, 592 (Fla. 1st DCA 2006).

An evidentiary hearing is required

In State v. Yaqubie, 51 So.3d 474, 476 (Fla. 3d DCA 2010), this court confirmed that “section 776.032 is a true immunity provision, not merely an affirmative defense, which requires a trial court to adjudicate disputed fact issues rather than passing them on to a jury as it would an affirmative defense.” Thus, determining such an immunity claim on a motion for summary judgment is not appropriate. See Ramos v. Wright Superior, Inc., 610 So.2d 46, 48 (Fla. 3d DCA 1992) (confirming that “summary judgment is proper only when there is a complete absence of genuine issues of material fact”). Rather, the appropriate procedure for determining such a claim, we believe, is that enunciated in Peterson v. State, 983 So.2d 27, 29 (Fla. 1st DCA 2008), and approved by the Florida Supreme Court in Dennis v. State, 51 So.3d 456, 463 (Fla.2010), for resolution of such claims in the context of a criminal prosecution. That procedure requires an evidentiary hearing to confront and weigh factual disputes, wherein the defendant bears the burden of establishing, by a preponderance of the evidence, entitlement to the immunity conferred by the Stand Your Ground Law:
We now hold that when immunity under this law is properly raised by a defendant, the trial court must decide the matter by confronting and weighing only factual disputes. The court may not deny a motion simply because factual disputes exist. Here, the trial court did what was required. Petitioner is not precluded from submitting the matter to the jury as an affirmative defense in his criminal trial.
In the absence of a procedure for handling these matters, we find guidance from the Colorado Supreme Court’s decision in People v. Guenther, 740 P.2d 971 (Colo.1987). In that case, the court decided that Colorado’s similar immunity statute authorized a trial court to dismiss a criminal prosecution at the pretrial stage and did not merely create an affirmative defense for adjudication at trial. Id. at 976. The court further determined that a defendant raising the immunity would have the burden of establishing the factual prerequisites to the immunity claim by a preponderance of the evidence. Id. at 980. The court imposed the same burden of proof as it would in motions for postconviction relief or motions to suppress. Id.
Likewise, we hold that a defendant may raise the question of statutory immunity pretrial and, when such a claim is raised, the trial court must determine whether the defendant has shown by a preponderance of the evidence that the immunity attaches.
Dennis, 51 So.3d at 459-60 (quoting Peterson, 983 So.2d at 29); see Pages v. Seliman-Tapia, 134 So.3d 536 (Fla. 3d DCA 2014) (affirming the dismissal of a civil action under Florida’s Stand Your Ground Law, where the trial court referred the issue of immunity to a general magistrate for an evidentiary hearing, applying a preponderance of the evidence standard).

Conclusion

We therefore agree with the trial court that res judicata and collateral estoppel do not apply to bar prosecution of the instant case; however, we find that the trial court should have conducted an evidentiary hearing on petitioners’ Stand Your Ground immunity claim. Accordingly, the petition for writ of prohibition is granted, the order on review is quashed and the matter re *531 manded for farther proceedings consistent ■with this opinion.
Petition granted, order quashed and case remanded.

. As a preliminary matter, we reject Flem-mings’ argument that either the petition is untimely and/or the issue was waived when petitioners did not seek review of the lower court’s denial of their initial motion to dismiss, but instead waited until after the court denied their second motion to dismiss. "There is no requirement in the Florida Rules of Appellate Procedure that a petition for writ of prohibition be filed within a certain time period of the order to be reviewed. We may therefore review both the trial court's first order and its second order denying [the] motion to dismiss ...." Gordon v. Regier, 839 So.2d 715, 717 n. 2 (Fla. 2d DCA 2003).

. Section 776.032(3) provides for an award of attorney’s fees, costs, compensation for loss of income and expenses incurred in defending a civil action that stems from the use of justifiable force:
(3) The court shall award reasonable attorney’s fees, court costs, compensation for loss of income, and all expenses incurred by the defendant in defense of any civil action brought by a plaintiff if the court finds that the defendant is immune from prosecution as provided in subsection (1).
§ 776.032(3), Fla. Stat. (2014).